**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

KHALAVUTH EM,
Petitioner,

v.

No. 96-2708

U.S. IMMIGRATION & NATURALIZATION
SERVICE,
Respondent.

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A73-725-167)

Submitted: June 24, 1997

Decided: October 17, 1997

Before HALL and NIEMEYER, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Petition denied by unpublished per curiam opinion.

_____

**COUNSEL**

Richard S. Fishbein, JOHN O'LEARY & ASSOCIATES, Washington, D.C., for Petitioner. Frank W. Hunger, Assistant Attorney General, Francesco Isgro, Senior Litigation Counsel, Anthony W. Norwood, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Khalavuth Em petitions for review of a final order of the Board of Immigration Appeals (Board) denying his application for asylum and withholding of deportation. Because substantial evidence supports the Board's decision, we deny the petition.

I

The Immigration and Nationality Act (Act) authorizes the Attorney General, in her discretion, to confer asylum on any refugee. 8 U.S.C. § 1158(a) (1994). The Act defines a refugee as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (1994); see M.A. v. INS, 899 F.2d 304, 307 (4th Cir. 1990) (in banc).

The "well-founded fear of persecution" standard contains both a subjective and an objective component. An applicant may satisfy the subjective element by presenting "`candid, credible, and sincere testimony' demonstrating a genuine fear of persecution." Berroteran-Melendez v. INS, 955 F.2d 1251, 1256 (9th Cir. 1992); see Figeroa v. INS, 886 F.2d 76, 79 (4th Cir. 1989). The objective element requires a showing of specific, concrete facts that would lead a reasonable person in like circumstances to fear persecution. Huaman-Cornelio v. Board of Immigration Appeals, 979 F.2d 995, 999 (4th Cir. 1992).

The standard for withholding of deportation is more stringent than that for granting asylum. INS v. Cardoza-Fonseca , 480 U.S. 421, 431-32 (1987). To qualify for withholding of deportation, an applicant must demonstrate a "clear probability of persecution." Id. at 430.

2

We must uphold the Board's determination that Em is not eligible for asylum if the determination is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." 8 U.S.C. § 1105a(a)(4) (1994). We accord the Board all possible deference. Huaman-Cornelio, 979 F.2d at 999. The decision may be "reversed only if the evidence presented by [Em] was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed." See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).

II

Em, who entered the United States as a nonimmigrant visitor in September 1994, contends that both the IJ and the Board applied the wrong legal standard in evaluating his asylum claim, and that the Board erred in upholding the IJ's negative credibility finding.

Evidence established that Em, a native and citizen of Cambodia, lived in his home country until he and his family were moved to a refugee camp in Thailand in 1985. Em's father had worked for the Cambodian Republic from 1970 through 1975 and suffered persecution when the communist regime took power. The family remained at the camp for eight years, during which Em completed one year of college study.

When Em returned to Cambodia, he secured employment as an officer with the Immigration Police. In this capacity, Em encountered official corruption. On one occasion, Em arrested an individual for smuggling a cultural artifact out of the country. Em's boss released the individual and, Em believes, cut Em's salary and auctioned off his position. Subsequently, at a banquet in December 1993, Em confronted his boss about his corrupt practices in the presence of various important individuals. Em spoke generally against corruption, angering both his boss and the other officials at the table. Em's residence was ransacked that night by the army.

The next day, Em was fired by his boss when he reported to work. His boss tied him up, slapped him four times, and held him without food for several hours. After he was released, Em went into hiding while the authorities searched for him and investigated his father.

3

After ten months in hiding, Em traveled to the United States. A year after he spoke out at the banquet, Em's parents' house was confiscated by the government.

III

Em maintains that the IJ and the Board erroneously applied the higher standard for withholding of deportation to his asylum claim. He further contends that the Board was too deferential to the IJ's negative credibility finding. Finally, Em claims the Board erred in failing to reverse the IJ's failure to allow testimony concerning murdered newspaper editors, and in failing to properly weigh the evidence he presented concerning family persecution.

As a threshold matter, our review is limited to the decision of the Board, not that of the IJ. Huaman-Cornelio, 979 F.2d at 999; see Elnager v. INS, 930 F.2d 784, 787 (9th Cir. 1991). Upon a thorough review of the record, we conclude that the Board applied the proper standard in evaluating Em's asylum claim and that substantial evidence supports its decision to deny relief.

The record shows that in assessing Em's asylum claim, the IJ noted that the test for refugee status includes both a subjective and an objective component, and then proceeded to define the subjective component inaccurately as requiring a well-founded fear of persecution. (A.R. 68-9). In reviewing the decision of the IJ, the Board has the power to conduct a de novo review of the record, to make its own findings, and independently to determine the legal sufficiency of the evidence. 930 F.2d at 787. Based upon our review of the Board's order, we are satisfied that the Board conducted such a review and applied the proper standard, rendering any error by the IJ harmless. Id.

Substantial evidence supports the Board's finding that Em failed to establish the objective component necessary to demonstrate a well-founded fear of persecution. The record supports the Board's conclusion that Em's account of the events leading to his flight from Cambodia is vague and lacking in detail, and therefore subject to doubt. See Matter of Dass, 20 I&N Dec. 120 (BIA 1989). The Board noted that Em failed to present evidence that anyone was searching for him

4

during the ten months after he was fired from his job, and was vague about his whereabouts and how he was able to support himself in hiding. Nor did Em explain why it took the government a year after Em went into hiding to confiscate his parents' house. In light of the Board's detailed review of the evidence and specific findings, Em's contention that the Board was too deferential to the IJ's credibility rulings is without merit.

We also find that the Board properly concluded that Em was not prejudiced by the IJ's decision to exclude some testimony about the murders of newspaper editors in Cambodia. As the Board observed, Em was allowed to present some evidence on the subject during the hearing. Additional evidence would have been repetitive, and appeared to have little relevance to Em's personal fear of persecution.

Finally, Em's claim that the Board did not properly weigh evidence he presented of family persecution is without merit. Even if the Board had found Em credible, Em's bare assertion that his whole family is fleeing the government falls short of showing the pattern of familial persecution necessary to establish a viable asylum claim. See Prasad v. INS, 47 F.3d 336, 340 (9th Cir. 1995).

As Em has not established entitlement to asylum, he cannot meet the higher standard for withholding of deportation. We accordingly deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

5